IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SYLVANUS GREENE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-3199 |
| | § | |
| MICHAEL B. MUKASEY, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## **MEMORANDUM AND ORDER**

Sylvanus Greene (A#438-33-571) is presently in custody of the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") division, awaiting his removal from the United States. He has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his continued detention. A review of the pleadings shows, however, that the petition fails to state a valid claim because it is premature. Accordingly, the petition will be dismissed without prejudice for reasons set forth below.

### **I.    BACKGROUND**

Greene, who claims that he became a lawful permanent resident of the United States in 1993, discloses that he is a native and citizen of St. Vincent. Greene reports that an immigration judge in Huntsville, Texas, entered an order of removal against him in August of 2002. Greene does not disclose the reason for his removal, but the pleadings suggest that it was the result of a criminal conviction for assault. Public records reflect that Greene was

convicted in Harris County cause number 754318 of aggravated assault with a deadly weapon. Greene claims that the order of removal became final on March 12, 2008.

Noting that he has been in custody of immigration officials for at least seven months, since March 4, 2008, Greene argues that he should be eligible for supervised release because his removal is not imminently foreseeable. According to Greene, ICE has been unable to secure the requisite travel documents to effect his removal to St. Vincent, which is an island located in the Caribbean. Greene provides no details in his petition to explain the delay or to clarify why travel documents to St. Vincent are presently unavailable for him. Nevertheless, Greene seeks a writ of habeas corpus to procure his release from custody. In support, Greene relies on *Zadvydas v. Davis*, 533 U.S. 678 (2001), which requires an immigration detainee's release under certain circumstances, after the expiration of a presumptively reasonable six-month period of detention, where there is no prospect of removal in the foreseeable future. After considering all of the pleadings and the applicable law, the Court concludes that the petition must be dismissed for reasons set forth below.

## II.   DISCUSSION

By statute, the Attorney General has ninety days to effect an alien's departure from the United States once the "removal period" is triggered. 8 U.S.C. § 1231; *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006), *cert. denied*, — U.S. —, 127 S. Ct. 973 (2007). Aliens may be detained during the ninety-day removal period. 8 U.S.C. § 1231(a)(2). An alien may be detained beyond this period under certain circumstances. For example, if an alien fails or refuses to cooperate with ICE in obtaining a travel document to effect his

removal, or takes other actions to prevent his removal, the removal period is suspended or tolled, and his continued detention is authorized. 8 U.S.C. § 1231(a)(1)(C); *see Balogun v. INS*, 9 F.3d 347, 351 (5th Cir. 1993). After the removal period expires, however, an alien may be released under conditions prescribed by the Attorney General. 8 U.S.C. § 1231(a)(3). Aliens slated for removal who pose a risk to the community or are unlikely to comply with the removal order may be detained beyond the removal period for a time necessary to bring about their removal from the United States under 8 U.S.C. § 1231(a)(6).

In *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001), the Supreme Court held that the United States Constitution does not permit indefinite detention lasting beyond six months past the ninety-day removal period. After the expiration of six months, an alien may seek his release from custody by demonstrating a "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future[.]" *Id.* The alien bears the burden of proof in showing that no such likelihood of removal exists. *Id.* Once this has been shown, the burden shifts to the government, which "must respond with evidence sufficient to rebut that showing." *Id.* Not every alien in custody will be entitled to automatic release after the expiration of the six-month period under the scheme announced in *Zadvydas*. "To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

In this case, it appears from the pleadings that the ninety-day removal period was triggered on March 4, 2008, when Greene was released from state prison and transferred to the custody of immigration officials. *See* 8 U.S.C. § 1231(a)(1)(B)(iii). The removal period

apparently expired ninety days later on or about June 2, 2008.  Greene's petition was received on October 28, 2008.  Greene does not show that he has been in custody more than six months past the expiration of the ninety-day removal period.  Because Greene has not been in custody for more than six months past the expiration of the removal period, his petition does not state a claim for relief.  *See Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) (finding that the six-month period must have expired at the time the § 2241 petition was filed in order to state a claim under *Zadvydas*); *Okpuju v. Ridge*, 115 Fed. App'x 302, 2004 WL 2943629 (5th Cir. 2004) (noting that the petitioner's claim regarding his continued detention was premature because the petitioner had not yet been in custody longer than the "presumptively reasonable six-month post-removal order period" set forth in *Zadvydas*), *cert. denied*, 544 U.S. 1066 (2005).  Accordingly, the petition must be dismissed without prejudice as premature.

### III.   CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** that the petition is **DISMISSED** without prejudice as premature.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas on October 29th, 2008.

_____
Nancy F. Atlas
United States District Judge